1998 SD 125

**In the Matter of the ESTATE OF Gunhild S. ELVIK, Deceased.**

**No. 20400.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1998.

Decided Dec. 23, 1998.

Howard W. Paulson of Christopherson, Bailin and Anderson, Sioux Falls, for appellants Svedals, Stedje, Karlsen, and Oyrehagen.

David J. King of Der Hagopian & King, Sioux Falls, for appellee Elvik.

GILBERTSON, Justice.

[¶ 1.] Husband filed a petition for an elective share of wife's estate under SDCL 30–5A–5. The petition was contested by the heirs named in the Will. The circuit court, First Judicial Circuit, Turner County awarded husband $100,000.00 of wife's estate as an elective share. The heirs appeal. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] Gunhild S. Elvik (Gunhild) and Mores Elvik (Mores) were married on June 15, 1988. Gunhild was 70 years old and Mores was 71. Mores had two grown children. Gunhild did not have any children.

[¶ 3.] At the time of the marriage, Gunhild had $31,000.00 in assets and a checking account. The checking account was in her name only and remained that way.

[¶ 4.] Mores had approximately $239,488.00 in assets when he married Gunhild. He added Gunhild's name to his checking account and on certificates of deposit. The couple received monthly income from pensions and property that Mores had sold on contract for deed. The trial court determined that during the marriage Mores had contributed $229,000.00 in income and Gunhild contributed $74,049.00.

[¶ 5.] Mores provided a home for the couple. They paid expenses out of the joint checking account. Gunhild had medical problems during the marriage that caused her to incur $3,000.00 in health care expenses. The parties' health insurance and prescriptions were paid from the joint checking account. Gunhild also visited her ancestral homeland of Norway three times during the marriage. Her trips were financed through the joint account.

[¶ 6.] Gunhild died on August 24, 1994. Her Last Will and Testament, dated June 12, 1990, left Mores only some of her Norwegian books and tapes.[1] She left some of her personal property to charity, friends and relatives. The rest of her estate was to be converted to cash and $1,000.00 given to Bethany Lutheran Church and the remainder divided equally between her sisters, brothers and nephews, all living in Norway (the Norwegian heirs). Her Will was admitted to probate on March 6, 1995.

[¶ 7.] Mores filed a petition for elective share under SDCL 30–5A–5. The court determined the value of the gross augmented estate and the net augmented estate. The court found that Gunhild attempted to disinherit Mores. The trial court awarded him $100,000.00 from Gunhild's estate and reduced the amount by what he had already received in joint property. The remaining

---

1. Clause Four of Gunhild's Will stated "I intentionally make no further provisions in this Will for my husband, Mores O. Elvik."

balance due Mores from the estate is $31,-868.13.[2]

[¶ 8.] The Norwegian heirs raise the following issue on appeal:

Whether the trial court abused its discretion by awarding Mores $100,000.00 as an elective share.

## STANDARD OF REVIEW

[¶ 9.] The standard of review for an equitable determination in an elective share proceeding is abuse of discretion. *Matter of Estate of Pejsa*, 459 N.W.2d 243, 245 (S.D. 1990).

As in other instances of review of the exercise of a legal discretion by the trial court, our function in this case is to determine whether there has been an abuse of discretion. In other words, we are not to determine whether or not the justices of this court would have made an original like ruling, but rather whether we think a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.

*Pejsa*, 459 N.W.2d at 245. (Citation omitted). Therefore, the trial court's determination of what is equitable shall not be overturned unless there is "clearly no basis in reason or evidence which would support that finding." *Id.*

## ANALYSIS AND DECISION

[¶ 10.] **Whether the trial court abused its discretion by awarding Mores $100,-000.00 as an elective share.**

[¶ 11.] Under South Dakota's now repealed elective share statute,[3] which was in effect at the time of Gunhild's death and commencement of probate, if the surviving spouse is not adequately provided for under the Will, he or she may petition the circuit court for an elective share of the augmented estate.

If the value of property passing or which has passed to the surviving spouse as defined in § 30–5A–8 is less than one-third of the value of the augmented estate as determined under § 30–5A–2, or one hundred thousand dollars, whichever is greater, the court upon application of the surviving spouse shall award to the surviving spouse such elective share in the remaining augmented estate as is equitable taking into account all of the circumstances of all interested parties and the length and other circumstances of the marriage of the decedent and such surviving spouse; provided, that such elective share together with the property passing or which has passed to the surviving spouse as provided in § 30–5A–8 shall not exceed one-third of the augmented estate as defined in § 30–5A–2, or one hundred thousand dollars, whichever is greater.

Law of 1980, ch 205, § 5, SDCL 30–5A–5 (repealed 1995). There are only two restrictions placed on the discretion of the trial court: (1) that the award be an "equitable" share of the augmented estate; and (2) that the award not exceed one-third of the augmented estate or $100,000.00 which ever is greater.

[¶ 12.] The Norwegian heirs claim there is no basis in reason or evidence to support an award of $100,000.00 to Mores as an elective share under the circumstances of the case.

[¶ 13.] In this case, the trial court found that the parties were married for approximately six years. Gunhild left only books and tapes to Mores. Mores had put Gunhild's name on his checking account and certificates of deposit. They used Mores checking account to pay all expenses. Gunhild used her personal checking account to make contributions to various political causes. During the marriage Mores had contributed $229,000.00 in income and Gunhild contributed $74,049.00. This money went into their joint checking account. Gunhild had medical problems that required additional expense

2. Gross Augmented

| | |
|---|---|
| Estate | $136,139.08 |
| Less: Funeral and Administrative Expense | ($9,000.00) |
| Net Augmented Estate | $127,139.08 |
| Mores' Elective Share | $100,000.00 |
| Less: Inherited Property | 0 |
| Less: Joint Checking | ($45,582.07) |
| Less: Joint CD | ($22,549.80) |
| Due Mores from Estate | $31,868.13 |

3. SDCL 30–5A–5 applies to this case as Gunhild died before the adoption of the South Dakota UPC.

which was paid from the joint account. Mores sent Gunhild to Norway three times during the marriage using money from the joint account. Mores provided a home for the couple. Mores now suffers from severe arthritis and deteriorating health. For whatever reasons, Gunhild's Norwegian relatives had not visited her in the United States for forty years. The Norwegian heirs did not present any evidence as to their economic status or need.

[¶ 14.] After a review of the trial court's findings we are unable to conclude that they are clearly erroneous. Although the trial court's award may seem generous, we cannot say there is a lack of a basis to support its findings, especially when most of the marital assets originated with Mores.

[¶ 15.] The Norwegian heirs claim the award to Mores is very suspect considering the 1995 changes in the elective share law. Prior to July 1, 1995, Gunhild had passed away, her Will had been admitted to probate and Mores had petitioned for an elective share under SDCL 30–5A–5. On July 1, 1995 South Dakota's Uniform Probate Code (UPC) became effective. SDCL 29A–8–101. Under the UPC, unlike the statute applied in this case, the elective share is based upon the length of the marriage. SDCL 29A–2–202.[4] The heirs argue that even though the UPC was not in effect at the time of Gunhild's death, it was in place when the trial court awarded Mores his elective share. Therefore, the Norwegian heirs claim the UPC, although not legally binding on the trial court, should have served as a guide when the trial court determined Mores elective share. As they cite no authority for this proposition the argument is waived. "The failure to cite supporting authority is a violation of SDCL 15–26A–60(6) and the issue is

---

4. SDCL 29A–2–202 is clearly a legislative determination to provide more uniformity in such awards and a corresponding reduction in the discretion of the trial court which previously existed under SDCL 30–5A–5. SDCL 29A–2–202 states:

(a) The surviving spouse of a decedent who dies domiciled in this State has a right of election, under the limitations and conditions stated in this Part, to take an elective-share amount equal to the value of the elective-share percentage of the augmented estate, determined by the length of time the spouse and the decedent were married to each other, in accordance with the following schedule:

If the decedent and the spouse The elective-share
were married to each other: percentage is:

Less than 1 year ................. .... Supplemental Amount Only

1   year but less than 2 years ...... .... 3% of the augmented estate

2   years but less than 3 years ..... .... 6% of the augmented estate

3   years but less than 4 years ..... .... 9% of the augmented estate

4   years but less than 5 years .... .... 12% of the augmented estate

5   years but less than 6 years .... .... 15% of the augmented estate

6   years but less than 7 years .... .... 18% of the augmented estate

7 years but less than 8 years .... .... 21% of the augmented estate

8   years but less than 9 years .... .... 24% of the augmented estate

9   years but less than 10 years ... .... 27% of the augmented estate

10   years but less than 11 years ... .... 30% of the augmented estate

11   years but less than 12 years ... .... 34% of the augmented estate

12   years but less than 13 years ... .... 38% of the augmented estate

13   years but less than 14 years ... .... 42% of the augmented estate

14   years but less than 15 years ... .... 46% of the augmented estate

15   years or more .................. .... 50% of the augmented estate

(b) If the sum of the amounts described in §§ 29A–2–207, 29A–2–209(a)(1), and that part of the elective-share amount payable from the decedent's probate estate and nonprobate transfers to others under § 29A–2–209(b) and (c) is less than $50,000, the surviving spouse is entitled to take a supplemental elective-share amount equal to $50,000, minus the sum of the amounts described in those sections. The supplemental elective-share amount is payable from the decedent's probate estate and from recipients of the decedent's nonprobate transfers to others in the order of priority set forth in § 29A–2–209(b) and (c).

(c) If the right of election is exercised by or on behalf of the surviving spouse, the surviving spouse's homestead allowance, exempt property, and family allowance, if any, are not charged against but are in addition to the elective-share and supplemental elective-share amounts.

(d) The right, if any, of the surviving spouse of a decedent who dies domiciled outside this state to take an elective share in property in this state is governed by the law of the decedent's domicile at death.

thereby deemed waived." *State v. Pellegrino,* 1998 SD 39, ¶ 22, 577 N.W.2d 590, 599. (Citing *State v. Knoche,* 515 N.W.2d 834, 840 (S.D.1994); *State v. Dixon,* 419 N.W.2d 699, 701 (S.D.1988)). Moreover, we have said that the UPC applies to decedents dying on or after July 1, 1995, to their estates and to identification and rights of their successors. *See* SDCL 29A–8–101; *Estate of Jetter,* 1997 SD 125, ¶ 10, n. 1, 570 N.W.2d 26, 28 n. 1. The UPC does not apply to Gunhild or her estate.

[¶ 16.] We affirm.

[¶ 17.] MILLER, Chief Justice, and SABERS, AMUNDSON and KONENKAMP, Justices, concur.

